Howell, J.'
Plaintiff, as owner, enjoined the sale of two lots of ground, and the improvements thereon, in the town of Houma, seized under execution in the suit of E. Marcqueze & Co. v. B. F. Bazet. The defendants in injunction aver that the sale from Bazet to Theriot is a simulation. On the trial, evidence was introduced to show the reality of the sale j but the judge a quo held it to be a simulation because the plaintiff moved to strike out interrogatories on facts and articles propounded to him, on the ground that they tended to make him confess *254 himself guilty of a crime in seeking to make him contradict his affidavit annexed to his petition for injunction, and which motion was withdrawn by permission of the court. We do not think the fact of filing such a motion produces the effect given to it by the judge. It is not an admission of the simulation, but, as we presume, the interpretation which plaintiff’s counsel gives of the tendency of such interrogatories.
When put on the stand to answer them, the plaintiff asserts the reality and good faith of his purchase, his ability to pay the price, and the actual payment thereof. The cash portion was paid in the presence of the notary or recorder, who, however, says he doubted the reality of the transaction because the judgment of these defendants against the vendor was then rendered, and, as he says, recorded, although there is no certificate of recordation on the copy introduced in evidence. The testimony in support of the reality of the sale is not, in our opinion, overcome.
We deem it unnecessary to pass on the motion to dissolve, because, if the technical objection to the bond be well made, the plaintiff would have the right immediately to another injunction.
It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of plaintiff, perpetuating the injunction herein, with costs in both courts..
Rehearing refused.